WILLIAM M. HUSE, ESQ.
 (Admitted *Pro Hac Vice*)
Quilling, Selander, Lownds,
 Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  317-497-5600, Ext. 603
Facsimile:  317-899-9348
E-Mail: whuse@qslwm.com

KOBAYASHI SUGITA & GODA, LLP
DAVID M. LOUIE            #2162
NICHOLAS R. MONLUX      #9309
Kobayashi, Sugita & Goda, LLP
999 Bishop Street, Suite 2600
Honolulu, HI  96813
Telephone:  808-535-5700
Facsimile:  808-535-5799
E-Mail:  dml@ksglaw.com; nrm@ksglaw.com

Attorneys for Defendant Trans Union LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHEKINAH STEVENS,<br><br>        Plaintiff,<br><br>   v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,<br><br>        Defendants. | Case No. 1:25-cv-30-MWJS-KJM<br><br>**FIRST AMENDED STIPULATED PROTECTIVE ORDER** |

## FIRST AMENDED STIPULATED PROTECTIVE ORDER

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1.    Any party or non-party may designate as "confidential" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Hawai`i law ("Confidential Information").  Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.    A party or non-party may designate information disclosed during a deposition or in response to written discovery  as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be

treated as "confidential" information.  Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 8 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.      All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.      Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    a.  counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    b.  employees of such counsel;

c.  individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

d.  consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by any consumer reporting agency, the party shall notify the opposing party, or designating non- party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

e.  any authors or recipients of the Confidential Information;

f.  the Court, Court personnel, and court reporters; and

g.  witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be

disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.    No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court .

7.    A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8.    If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9.    An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. A party or non-party who discloses or produces Confidential Information without designation may, within seven (7) days of discovering the failure to designate or within 7 days of having had reason to discover the error, provide notice of the error and produce a designated copy of the same. Upon receipt of such notice, the party that received the inadvertently produced confidential document shall promptly destroy the inadvertently produced document and all copies thereof and retain only the materials designated as Confidential Information.

10.    Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

a.  the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

b.  the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

c.  the Court rules the material is not confidential.

11.  All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

12.  The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

13.  Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for

an inadvertent disclosure of material protected by privilege or work product protection.

14.   Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

DATED: April 8, 2026

KELLY GUZZO, PLC

By: */s/ Andrew J. Guzzo*
 Andrew J. Guzzo
 Hawaii Bar No.: 010586
 aguzzo@kellyguzzo.com
 KELLY GUZZO, PLC
 500 Ala Moana Blvd., Suite 7400
 Honolulu, HI  96813
 Telephone:  (808) 664-4651

 *Counsel for Plaintiff Shekinah
 Stevens*


KOBAYASHI SUGITA & GODA,
LLP

By: */s/ Nicholas R. Monlux*
 David M. Louie (#2162)
 Nicholas R. Monlux (#9309)
 dml@ksglaw.com
 nrm@ksglaw.com
 KOBAYASHI SUGITA &
 GODA, LLP
 999 Bishop Street, Suite 2600
 Honolulu, HI  96813
 Telephone: (808) 535-5700
 Facsimile:  (808) 535-5799

 *Counsel for Defendant
 Trans Union LLC*

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Kathleen Cahill Slaught*
 Kathleen Cahill Slaught
 Hawaii Bar No.: 006363
 kslaught@seyfarth.com
 SEYFARTH SHAW LLP
 560 Mission Street, 31st Floor
 San Francisco, California  94105
 Telephone:  (415) 397-2823
 Facsimile:  (415) 397-8549

 *Counsel for Defendant
 Equifax Information Services
 LLC*


WRIGHT & KIRSCHBRAUN

By: /s/ Douglas R. Wright
 Douglas R. Wright
 Karen A. Droscoski
 doug@wkmaui.com
 karen@wkmaui.com
 WRIGHT & KIRSCHBRAUN
 1885 Main Street, Suite 106
 Wailuku, Hawaii 96793
 Telephone: (808) 244-6644
 Facsimile: (808) 244-1013

 *Counsel for Defendant
 Experian Information Solutions,
 Inc.*

**APPROVED AND SO ORDERED:**

**DATED:  Honolulu, Hawaii, April 8, 2026.**



Kenneth J. Mansfield
United States Magistrate Judge

*Stevens v. Equifax Information Services, et al.*, Civil No. 26-00030 MWJS-
KJM; First Amended Stipulated Protective Order